## FISHER v. GROFF ET AL.

[No. 22,396. Filed June 2, 1914.]

1. HIGHWAYS.—*Establishment.*—*Damages.* — *Evidence.* — Damages rightfully due to remonstrant for the taking of his land for highway purposes, and for expenses necessarily incurred in fencing the proposed highway, can not be lawfuly compensated by the resulting cessation of trespasses by children in going to or returning from school; hence the admission of evidence for petitioners showing the commission of such trespasses was error. p. 30.

2. APPEAL.—*Review.*—*Disposition of Cause.*—*Reversal.*—On appeal from a judgment against appellant on his remonstrance for damages for the taking of his land for highway purposes, the court can not disregard intervening errors, and affirm, under §700 Burns 1914, §658 R. S. 1881, where the proposed highway will take two acres of appellant's land worth from $100 to $160 per acre, and will require him to construct much additional fencing, and in view of some evidence showing that the farm would be depreciated to the extent of $5,000 by the construction of the highway, since it is apparent from the whole record that the right result has not been reached. p. 31.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Proceedings on petition of John R. Groff and others for the location of a highway, in which Alexander H. Fisher filed remonstrance. On appeal to the circuit court judgment

was rendered for petitioners, and from that judgment the remonstrant appeals. *Reversed.*

*Lesh & Lesh, Jackman & Jackman,* and *J. F. Charles,* for appellant.

*C. W. Watkins, C. A. Butler* and *Bowers & Feightner,* for appellees.

MORRIS, J.—Appellees filed a petition for the location of a public highway. Appellant remonstrated for inutility and damages. Reviewers were appointed by the board of commissioners, who reported that the proposed highway would be of public utility and that appellant would not be damaged. The report was confirmed, and an order entered establishing the proposed road. Appellant appealed to the circuit court, where the paragraph of remonstrance for lack of utility was dismissed, and the cause was tried on the sole issue of damages. There was a finding and judgment against appellant on his remonstrance and the proposed highway was ordered located. The error here assigned is the overruling of appellant's motion for a new trial.

Appellant owns a farm of about 222 acres, on the north end of which is now located a public highway running east and west. The proposed road will run north and south through the farm, leaving 80 acres on the east side thereof, and on which appellant's buildings are located.

One Remey, township trustee, testified as a witness for appellees, and was asked the following question: "I wish you would tell his honor what the attendance was at school No. 1 last year." Appellant objected because the question was not pertinent to any issue in the case, and because the question of utility was not in issue. Counsel for petitioners thereupon stated that they proposed to show that children have to cross appellant's fields and go through wire fences, etc., to get to school. The court then announced that, on counsels' statement, the question might be answered, and overruled appellant's objection.

This was error. Damages rightfully due appellant for the taking of his land and for expenses necessarily incurred in fencing the proposed highway, etc., cannot be lawfully compensated by the resulting cessation of trespasses on his lands by his neighbors' school children. In *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 91 N. E. 234, this court said: "One person may not recover damages sustained by another, and manifestly special damages suffered by one proprietor could not be compensated by benefits accruing to another."

Appellees ask that the judgment be affirmed regardless of intervening errors. §700 Burns 1914, §658 R. S. 1881. We cannot accede to this request, for a consideration of

2. the entire record does not pursuade us that the right result was reached. The proposed highway will take two acres of appellant's land, worth from $100 to $130 per acre. It will require the construction and maintenance of much additional fencing, and will subject the use of the farm to great inconvenience. Many witnesses for appellant testified that the farm would be worth $5,000 less after the improvement than before.

Judgment reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 105 N. E. 470. See, also, under (1) 15 Cyc. 899; (2) 3 Cyc. 441.