## PARKER v. HICKMAN.

### [No. 9,014. Filed February 23, 1916.]

1. BILLS AND NOTES.—*Action by Transferee.*—*Knowledge of Infirmities.*—*Answers.*—*Sufficiency.*—In an action on a note governed by the law merchant and transferred by indorsement before due, answers alleging defenses in favor of the maker against the original payee, but not alleging any notice or knowledge thereof on the part of such transferee, were insufficient to withstand a demurrer. p. 157.

2. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— The sustaining of a demurrer to a paragraph of answer alleging infirmities in a note that had been transferred by indorsement before maturity, was harmless even though such answer may have sufficiently alleged notice on the part of the transferee, where there was another good paragraph covering the same fact and under which evidence was admissible without imposing any additional burden on defendant. p. 157.

3. APPEAL.—*Review.*—*Ruling on Demurrers.*—*Demurrers Unaccompanied by Memoranda.*—Alleged error in sustaining demurrers to certain paragraphs of answer on the ground that such demurrers were not accompanied by memoranda of defects as required by §§344, 348 Burns 1914, Acts 1911 p. 415, was unavailable in view of the fact that the rulings were right on the merits. p. 158.

Parker *v.* Hickman—61 Ind. App. 152.

4. **APPEAL.**—*Questions Presented.—Rulings on Demurrers.—Demurrers Unaccompanied by Memoranda.*—While the court on appeal may look beyond the memorandum of defects accompanying a demurrer for the purpose of sustaining the ruling of the trial court sustaining such demurrer, where a demurrer is overruled, and no memorandum of defects was filed therewith, the ruling presents no question on appeal. p. 158.

5. **APPEAL.**—*Presenting Questions for Review.—Directing Verdict.—New Trial.*—Alleged error in directing a verdict is properly presented by assignment as cause for a new trial. p. 158.

6. **BILLS AND NOTES.**—*Transfer Before Maturity.—Knowledge of Infirmities.—Duty to Inquire.*—Where the holder of a negotiable paper governed by the law merchant becomes possessed of the same in due course of business before maturity, for a valuable consideration without knowledge or notice of any infirmity therein as between antecedent parties, he holds it free from defenses, unless there are circumstances which excite suspicion, in which event it becomes his duty to make inquiry, and failure to do so prevents his occupying the attitude of a good-faith purchaser. p. 159.

7. **BILLS AND NOTES.**—*Transfer Before Maturity.—Inquiry as to Defenses.—Evidence.*—Evidence merely showing that the purchaser before maturity of a note governed by the law merchant knew the business in which the payee was engaged and that it received paper in payment for horses, and that a warranty accompanied each horse sold, was insufficient to awaken suspicion that there was likely to be a defense to the payment of such note, based upon the fact that it was given in payment for a horse which failed to comply with a warranty as to his breeding qualities. p. 160.

8. **BILLS AND NOTES.**—*Action.—Issues.—Evidence.—Tax Schedule.*—In an action on a note, where one of the issues raised was as to whether plaintiff was the real party in interest, and there was evidence to show that plaintiff purchased the note for full value before the commencement of the action, the tax schedule of plaintiff introduced in evidence which failed to show the listing of the note in question for taxation, constituted competent evidence against him proper to be considered upon such issue, requiring the court to submit such issue to the jury, and its failure to do so constituted reversible error. pp. 161, 163.

9. **TRIAL.**—*Peremptory Instructions.*—A peremptory instruction should be given only when there is a total absence of evidence upon an essential issue, or where the evidence is without conflict and the only inference to be drawn therefrom is favorable to the party asking the instruction. p. 162.

From Johnson Circuit Court; *Elba L. Branigin,* Judge.

Action by Charles W. Hickman against Hannah Parker. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William Featherngill,* for appellant.

*Martin A. Quinn* and *White & Owens,* for appellee.

Moran, J.—Appellee was successful in the court below in reducing to judgment against appellant a note executed by appellant and her son, Robert H. Parker, to J. Crouch and Son, and transferred by indorsement by the payee to the Merchants National Bank of Lafayette, Indiana, and by the bank to appellee. The complaint discloses that on December 29, 1908, a note calling for $650, with interest at six per cent per annum and attorney fees, was executed by appellant and her son to J. Crouch and Son, payable at the Citizens National Bank of Frankfort, Indiana, due September 1, 1911, and on November 27, 1909, by written indorsement the same was transferred and delivered to the Merchants National Bank of Lafayette, Indiana, and on November 4, 1911, sold by written indorsement to appellee. A copy of the note, together with the written indorsement thereon was made a part of the complaint. To the complaint, appellant addressed an answer in general denial and ten affirmative paragraphs of answer. A demurrer was sustained to the second, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of answer, leaving the third, fourth and eleventh paragraphs of answer to each of which a reply in general denial was addressed, and a second and affirmative paragraph of reply was addressed to the third and fourth paragraphs of answer. At the close of the evidence, upon appellee's motion, the court directed the jury trying the cause to return a verdict for appellee, and assess his damages in the sum of $1,001.50, which it did.

From a judgment on the verdict, an appeal has been prosecuted by appellant, who assigns as error the overruling of appellant's separate demurrer to the second paragraph of appellee's reply to the third and fourth paragraphs of appellant's answer; the sustaining of appellee's · demurrer to appellant's fifth, sixth, seventh, eighth, ninth, and tenth paragraphs of answer; sustaining of appellee's motion to direct the verdict; and the overruling of appellant's motion for a new trial.    No memoranda accompanied the demurrers to the various paragraphs of answer, pointing out the infirmities of the same, and by reason thereof, it is insisted by appellant that the court erred in sustaining the demurrer to each of the paragraphs of answer; and further that each of the answers contained facts sufficient to constitute a defence to the complaint.

Issues of fact were joined as to the third, fourth, and eleventh paragraphs of answer.    The third paragraph set up suretyship as to appellant for her son, Robert H. Parker, and that without her consent, the time of payment was extended as to the note, a copy of which was made a part of the complaint; the eleventh paragraph declared that appellee was not the real party in interest; that the payee of the note never parted with the same and was at the commencement of the action the owner of the note in suit.    The fourth paragraph pleads the facts, the leading allegations of which are that on December 29, 1908, appellant's comaker of the note purchased of appellee, J. Crouch and Son, a stallion for the sum of $2,000; that the note in suit, together with another note for $650, due September 1, 1912, was executed by Robert H. Parker, as principal, and appellant as surety.    That J. Crouch and Son warranted the breeding qualities of the horse, which failed.    The horse was of no value for breeding pur-

poses and the consideration failed.   On April 13, 1911, in consideration of the sum of $324.34, Robert H. Parker, who was then insolvent, was induced by J. Crouch and Son to keep the horse and surrender the warranty without the knowledge or consent of appellant.   At the time appellant's comaker of the note surrendered the warranty, the Merchants National Bank held the note by a pretended indorsement, which indorsement was without consideration, and that the bank was not a *bona fide* holder of the same, and had notice and knowledge that the note was executed by appellant as surety, and that the note was executed as part payment of the purchase price of the stallion, and J. Crouch and Son had warranted the stallion to Robert H. Parker, and the note was subject to defences on account of the warranty; and J. Crouch and Son was at all times the owner of the note until after the maturity when the same was transferred to appellee.

Many of the facts pleaded in the fifth, sixth, seventh, eighth and ninth paragraphs of answer are common to the fourth paragraph, the substance of which is the foregoing.   The fifth paragraph alleges, however, that as a further inducement of J. Crouch and Son to Robert H. Parker to keep the horse and surrender the warranty, J. Crouch and Son was to go with Robert H. Parker to the Merchants National Bank when the note in suit fell due and arrange with the bank to accept the sum of $450 in full payment of the note.   The sixth paragraph alleges the additional fact that J. Crouch and Son at the time of inducing Robert H. Parker to keep the horse and surrender the warranty was acting as agent of the bank, and that J. Crouch and Son agreed to get an extension of time of payment of the $450 for 90 days beyond the date when due.   The seventh and eighth paragraphs of answer allege that there was a

change and alteration of the contract without the consent of appellant, otherwise the facts follow the fourth paragraph of answer. The ninth paragraph alleges that the Merchants National Bank knew that the note was executed as part payment for a horse sold under a warranty and knew that certain equities existed between J. Crouch and Son and appellant. The tenth paragraph, after pleading practically all the facts pleaded in all the other paragraphs that go to the breach of warranty of the breeding qualities of the horse, alleges a total failure of consideration by reason thereof.

The second paragraph of reply to the third and fourth paragraphs of answer is to the effect that J. Crouch and Son, the payee of the note in suit, for a valuable consideration transferred the same by indorsement before due, in the usual course of business and for a valuable consideration, in good faith, and that the bank had no notice of any defence to the note, and the bank while the owner thereof, transferred the note by indorsement to appellee.

The note, a copy of which is filed with the complaint, is governed by the law merchant and was transferred by indorsement before due to the

1. Merchants National Bank of Lafayette, Indiana. There is nothing in the fifth, sixth, seventh, eighth and tenth paragraphs of answer alleging any notice or knowledge on the part of the bank as to the infirmities of the note relied on by appellant, as a defence thereto. In the absence of an averment of notice, they were insufficient to withstand a demurrer. *Tescher* v. *Mereà* (1889), 118 Ind. 586, 21 N. E. 316; *Wilson* v. *National Fowler Bank* (1911), 47 Ind. App. 689, 91 N. E. 269. The

2. ninth paragraph alleges that the bank knew that the note was executed in part payment for a horse sold under a warranty. As to

whether this was a sufficient allegation as to notice on the part of the bank, we need not decide, as the fourth paragraph of answer covers this same fact, and under which the evidence in this connection could have been admitted without imposing an additional burden on appellant. No error was committed in overruling the demurrer to this paragraph of answer. *Lemcke* v. *Hendrickson* (1915), 60 Ind. App. 323, 110 N. E. 691, and authorities there cited.

There is no merit in appellant's contention that the court erred in sustaining the demurrers addressed to the various paragraphs of answer, by reason of the failure to accompany the demurrers with memoranda, pointing out wherein the pleadings were insufficient. The rulings on the demurrers were right on the merits, and this court may look beyond the memoranda for the purpose of sustaining rulings of the trial court. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411; *Fisher* v. *Groff* (1914), 182 Ind. 29, 105 N. E. 470. While on the other hand, if no memorandum is filed, as in the case at bar, as to the affirmative replies addressed to the third and fourth paragraphs of answer, the overruling of the demurrers presents no question on appeal, no objection having been pointed out to the trial court as provided by statute. Acts 1911 p. 415, §§344, 348 Burns 1914; *Dunton* v. *Howell* (1915), 60 Ind. App. 183, 109 N. E. 418.

We will dispose of the question as to whether the court erred in directing a verdict, under the motion for a new trial, it being properly assigned as a cause thereof. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304. A disposition thereof will practically dispose of all questions sought to be raised under the error predi-

cated on the overruling of the motion for a new trial.

The error predicated upon the directing of the verdict calls for a review of the evidence as to the issue of fact joined on the third paragraph of answer as to whether there was an extension of time for payment of the note in controversy without appellant's consent, and the issue of fact joined on the fourth paragraph of answer as to whether appellee was a *bona fide* holder of the note, and the issue of fact joined on the eleventh paragraph of answer as to whether appellee was the real party in interest. The issue of fact joined as to the third and fourth paragraphs of answer involves the same question, Did the bank have notice that an infirmity existed as to the note in suit, or such information as would put a reasonable person upon inquiry when acting in good faith? It may be stated as a general rule that where the holder of negotiable paper governed by the law merchant becomes possessed of the same in due course of business before maturity, for a valuable consideration, without knowledge or notice of the infirmity that exists as between antecedent parties, he holds it free from defences, unless there are circumstances which excite suspicion, in which event it becomes the purchaser's duty to inquire as to the circumstances surrounding its execution, and the refraining from so doing lest he should become acquainted with the infirmity of the paper, prevents his occupying the attitude of a good-faith purchaser. *Schmueckle* v. *Waters* (1890), 125 Ind. 265, 25 N. E. 281; *Shirk* v. *Neible* (1901), 156 Ind. 66, 59 N. E. 281; *State Bank, etc.* v. *Lawrence* (1912), 177 Ind. 515, 96 N. E. 947.

Briefly the evidence introduced in support of the issues of fact joined in the third and fourth para-

graphs of answer discloses that after the execution of the note in question, and before due, the bank purchased the same and paid full value therefor. Stating the evidence in its most favorable aspect as to the question of knowledge on the part of the bank of the infirmities of the note, it discloses no more than that the officers of the bank knew that J. Crouch and Son sold horses of the kind and character for which the note in suit was executed, and that the purchasers of such horses received warranties as to their breeding qualities. There is no evidence in the record showing that the bank had any notice or knowledge that the particular note in suit was executed in part payment for a horse, which was warranted in the particular set forth in the answers under which the evidence was admissible. The fact that the bank officers knew the business in which the payee was engaged and that it received paper in payment for horses, and that a warranty accompanied each horse sold, was not sufficient to awaken suspicion that there was likely to be a defence to the payment of the same, based upon the fact that it was given in payment or part payment for a horse, which failed to comply with a warranty as to his breeding qualities. In passing upon the sufficiency of an answer involving the question as to what was sufficient to put the purchaser of a note governed by the law merchant on inquiry, it was held in *Wilson* v. *National Fowler Bank*, *supra*, that the fact that the payee was a patron of the bank and ran a bucketshop, which was known to the bank, and that the payee advanced money to persons engaged in the bucketshop business did not make the answer good; and, further, it was said: "If this answer is to be upheld, it must be upon the ground of appellee's knowledge of the business in which the payee of the note was engaged, and this

is not enough to overcome the presumption that appellee, in purchasing the note, acted honestly and in good faith." There was a failure of proof on the issue of knowledge or notice on the part of the bank, or even such circumstances as would excite that degree of suspicion as a prudent person would be called upon to make inquiry as to the facts surrounding the execution of the note.

As to whether appellee was the real party in interest, or, in other words, the owner of the note when the action was commenced, appellee

8. and the bank officials testified to his purchase of the same before the commencement of the action, and that he paid full value therefor. Appellee's tax schedule was introduced in evidence with the usual affidavit attached as to the correctness of the return made to the assessor of appellee's personal property, which schedule failed to disclose the listing of the note in question for taxation, although he testified that he became the owner prior to the time of listing the same for taxation. It is pressed with much earnestness that the tax schedule was competent evidence to be considered on the question of ownership, and that it was some evidence supporting the issue joined as to the eleventh paragraph of answer, viz., that appellee was not the real party in interest, and if some evidence, the court erred in not submitting the question to the jury. A tax schedule is competent evidence as against the party making the same as to items of credits or taxables owned or claimed to be owned at the time he returned the same. *Fudge* v. *Marquell* (1905), 164 Ind. 447, 451, 72 N. E. 565, 73 N. E. 895; *Towns* v. *Smith* (1888), 115 Ind. 480, 16 N. E. 811; *Ohlwine* v. *Pfaffman* (1913), 52 Ind. App. 357, 100 N. E. 777; *Indiana, etc., Traction Co.*

v. *Benadum* (1908), 42 Ind. App. 121, 83 N. E. 261. It was said in the case of *Fudge* v. *Marquell, supra,* as to the question of ownership of a note where the tax schedule was admitted in evidence for two different years, and where the return of the same failed to disclose the listing of the note that, "The schedules in question were on file in the auditor's office of Delaware County. They were offered and admitted in evidence only as tending to support the issues tendered by the ninth paragraph of answer, to the effect that appellant was not the owner of the note in suit. This note was not returned for taxation in either schedule. Under the circumstances, therefore, they were admissible as tending to prove that the note was not owned by her on the first day of April of each of the aforesaid years. It could be proper to assume that her tax lists or schedules embraced all of her personal property owned by her on the first day of April of each of the respective years."

It is well settled by the authorities in this State that a peremptory instruction should be given by the trial court only when there is a total 9. absence of evidence upon an essential issue, or where the evidence is without conflict, and is susceptible of but one inference, and that inference is favorable to the party asking the instruction; in other words, the court is bound to accept as true all the facts which the evidence tends to prove, and to draw, against the party requesting the instruction, all inferences which a jury might reasonably draw, and in the event of a conflict in the evidence to consider only that favorable to the party against whom the instruction is asked, treating that favorable to the opposite party as if withdrawn. *Farmers Nat. Bank* v. *Coyner* (1909), 44 Ind. App. 335, 88 N. E. 856; *Hall* v. *Terre Haute Elec. Co.*

(1906), 38 Ind. App. 43, 76 N. E. 334; *Roberts* v. *Terre Haute Elec. Co.* (1906), 37 Ind. App. 664, 76 N. E. 323, 895; *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N.'E. 364, 61 N. E. 593; *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514, 64 N. E. 890; *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257; *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20.

Appellee's tax schedule, which is in the record, and in the form provided by law, is so arranged that appellee was specifically interrogated thereby as to notes held by him secured by mortgage and "all other notes" so held. The section of the statute (§10202 Burns 1914, Acts 1903 p. 49), in reference to the form of the schedule and the listing of the personal property by the owner, among other things, provides, "The party shall write the word 'none' after each item, whenever he has no property to assess as named in such item, and no item shall be passed without being answered". Appellee's schedule, being competent evidence to be admitted as to personal property owned by him, and the note in controversy not being listed, it must follow that it was some evidence that appellee was not the owner of the same. Even appellee's theory of the same as set forth in his brief, that, "Tax schedules are admissible to the extent that they may be regarded as admissions, but are not conclusive", makes the same some evidence, and required the trial court to submit to the jury the issue tendered by the eleventh paragraph of answer, as to whether appellee was the real party in interest, and failing to do so, constitutes reversible error. Judgment reversed, and cause remanded with instructions to the trial court to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 111 N. E. 649. As to who is a *bona fide* holder under the law of negotiable instruments, see 11 Am. St. 309. As to whether officer or corporation is chargeable with its knowledge of infirmities in commercial paper purchased from it, see 48 L. R. A. (N. S.) 65; L. R. A. 1915 D 1099. As to what circumstances are sufficient to put purchaser of negotiable paper on inquiry, see 44. L. R. A. (N. S.) 395. See, also, under (1) 8 Cyc 174; (2) 4 C. J. 932; 31 Cyc 358; (3) 4 C. J. 908; 3 Cyc 385; (4) 3 C. J. 794; 2 Cyc Anno. 689; (5) 3 C. J. 979; 29 Cyc 752; (6) 7 Cyc 943, 944; (7) 7 Cyc 956; (8) 8 Cyc 289; (9) 38 Cyc 1567.