## Wolfe *v.* Griner.

[No. 9,850.   Filed June 4, 1920.]

1. **Master and Servant.**—*Safe Place to Work.*—*Scaffolds.*—
Though the general rule at common law is that the master's duty
to furnish the servant a safe place in which to work may not be
delegated, an exception thereto applies in the construction of
scaffolds, the rule being that, where a scaffold is required in the
performance of the work, ordinarily the master owes the servant
a duty in the alternative, either to furnish the scaffold or suitable
materials for the construction thereof.   p. 702.

2. **Master and Servant.**—*Safe Place to Work.*—*Scaffolds.*—*Liabil-
ity.*—If the master elects to furnish a scaffold as a completed
structure, he is responsible for a lack of reasonable care in its
construction to a servant injured thereby, whether the choice is
made in person or by one clothed with apparent authority; but
where the master does not undertake to furnish the scaffold, but
merely supplies suitable material therefor, the construction being
entrusted to, or assumed by, the servants within the scope of
their employment, the master is not liable for negligent construc-
tion to a servant injured thereby.   p. 702.

3. **Master and Servant.**—*Furnishing Scaffold.*—*Evidence.*—The
act of the master's foreman in directing a servant to construct
a scaffold is not decisive of the question whether the master
elected to furnish a completed scaffold or suitable materials there-
for, such act being consistent with either theory.   p. 703.

4. **Master and Servant.**—*Furnishing Scaffold.*—*Conflicting Evi-
dence.*—*Jury Question.*—In a servant's, action for injuries caused
by a defective scaffold upon which he was working, whether the
master elected to furnish suitable materials for the scaffold, leav-
ing the construction thereof to the servants, or to furnish a com-
pleted scaffold under his direction or that of his representative,
is a question for the jury where the evidence is conflicting or
reasonably consistent with either theory.   p. 704.

5. **Master and Servant.**—*Scaffolds.*—*Construction.*—*Adoption by
Master.*—In a servant's action for injuries caused by a defective
scaffold, where there was some evidence that the plaintiff was
not present when the scaffold was built and did not know the
kinds of materials used, and that, upon inquiring before going
upon the scaffold, he was assured by the defendant's foreman
that it was "solid and good," the jury could have properly found
that the master adopted it after its construction and furnished

it to the plaintiff as a completed appliance, notwithstanding undisputed evidence showing that the master did not originally elect to furnish a completed scaffold. p. 705.

6. MASTER AND SERVANT. — Scaffolds. — Adoption. — Liability. — Where a master, after a scaffold is built under circumstances relieving him from liability, adopts it and furnishes it to the servant as a completed appliance, he becomes liable for injuries sustained by a servant by reason of negligent construction thereof. p. 705.

7. MASTER AND SERVANT.—Assumption of Risk.—Contributory Negligence.—Jury Question.—Where a servant, while acting in obedience to specific orders and directions of the master, was injured as a result of such obedience, it cannot be said, as a matter of law, that the injury was the result of an assumed risk, especially if the master gave the servant assurances of safety, though prior to receiving such assurances the servant had doubts and misgivings as to the danger; nor, under such circumstances, can it be said, as a matter of law, that the servant was guilty of contributory negligence. pp. 706, 707.

8. TRIAL.—Directing Verdict.—In a servant's action for injuries caused by a defective scaffold upon which he was working, it was error to direct a verdict for the defendant where there was some evidence from which inferences might have been drawn in the plaintiff's favor on each essential averment of the complaint and also on the issues of assumption of risk and contributory negligence relied on by the defendant. p. 707.

From Elkhart Superior Court; *James M. Harmon,* Judge.

Action by Henry K. Wolfe against Valentine Griner. From a judgment for the defendant, the plaintiff appeals. *Reversed.*

*James S. Dodge,* for appellant.
*Deahl & Deahl,* for appellee.

BATMAN, J.—This is an action brought by appellant to recover damages for personal injuries, caused by the alleged negligence of appellee. The complaint is in a single paragraph and alleges, among other things, that appellee was the owner of certain real

estate on which he was erecting a dwelling house; that in so doing it became necessary to erect a scaffold against the side of said building, about twenty feet high, as an appliance for the use of the workmen in nailing shingles upon the roof; that a scaffold was erected by appellee and the workmen employed by him for such purpose; that among said workmen was one Frank Griner, who was left in charge of said work and workmen by appellee, as his agent or foreman, for the purpose of superintending the construction of said building; that said Frank Griner, during the time he was so employed, assisted and directed the construction of the scaffold; that it was constructed of steel brackets fastened to the walls of said building, with planks laid upon the same to support the workmen while nailing shingles upon the roof; that in the proper construction of the scaffold, the steel brackets should have been fastened to the walls of said building by large screws or bolts, or with large nails driven through the openings in the same into the walls of said building; that said nails should have been sufficiently large and strong to maintain the brackets in place, and that such manner of construction was well known to all careful workmen; that had said scaffold been so erected, it would have been a safe appliance to use in the construction of said building, and appellee's employes could have worked upon the same in safety; that said scaffold was not erected in a safe and workmanlike manner, in this, that the steel brackets thereof were fastened to the walls of said building by nails too small to hold the scaffold in place when it was used by the workmen for the purpose intended; that appellant did not assist in the erection of said scaffold, and, prior to the

time of his alleged injuries, had no knowledge of
the manner in which the same had been constructed;
that on September 24, 1914, appellee's foreman, the
said Frank Griner, directed appellant to go upon
said scaffold for the purpose of nailing shingles upon
the roof of said building; that at such time he was
informed by said foreman that said scaffold was prop-
erly erected and perfectly safe; that appellant exam-
ined the same as well as he could from the ground,
and it appeared to be properly constructed; that in
pursuance of such instructions appellant went upon
said scaffold and began to perform the work assigned
to him; that almost immediately thereafter the steel
brackets of said scaffold came loose from said build-
ing, by reason of the insecure manner in which the
same were fastened thereto, and the scaffold, together
with appellant, fell to the ground a distance of about
twenty feet; that the falling of the scaffold was
caused by the lack of care and skill on the part of
appellee's said agent and foreman in the construction
thereof; that as a result of the fall appellant, with-
out fault on his part, received serious bodily inju-
ries, and that such injuries were caused solely by the
negligence of appellee in erecting and causing said
scaffold to be erected. To this complaint appellee
filed a demurrer, which was overruled, and the issues
were then closed by an answer in general denial.
The cause was submitted to a jury for trial, and at
the close of appellant's evidence the court gave the
jury a peremptory instruction to return a verdict for
appellee, which was accordingly done. Appellant
filed a motion for a new trial, which was overruled,
and judgment was rendered for appellee. From this
judgment appellant appealed, and has assigned cer-

tain alleged errors on which he relies for reversal. We will only consider the one relating to the action of the court in overruling appellant's motion for a new trial, as such assignment is the only one which properly presents any question for our determination.

Appellant's motion for a new trial is based on a number of reasons, all of which have been waived by a failure to present the same in his brief, except those which in their final analysis relate to the action of the court in directing the jury to return a verdict for appellee.

This is a common-law action in which a servant seeks to recover damages of his master for negligence in failing to use reasonable care to furnish him a safe place in which to work. As a general rule, such a duty rests upon a master, and he cannot relieve himself of such responsibility by delegating the same to another. *Louisville, etc., R. Co.* v. *Hanning, Admr.* (1891), 131 Ind. 528, 31 N. E. 187, 31 Am. St. 443; *Sullivan* v. *Indianapolis, etc., Traction Co.* (1913), 55 Ind. App. 407, 103 N. E. 860. But this rule has its exceptions, which must be given effect in proper cases. *Lehigh, etc., Cement Co.* v. *Bass* (1913), 180 Ind. 538, 103 N. E. 483; *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 115 N. E. 324, 116 N. E. 421. One of such exceptions frequently arises with reference to scaffolds used by servants in the performance of their duties. It is well settled that where an employer undertakes to furnish an employe a scaffold on which to work, as a completed structure, it is his duty to see that it is reasonably safe and suitable for the purpose for which it is intended. *Lagler* v. *Roch* (1914), 57 Ind. App. 79, 104 N. E. 111; *Studebaker* v. *Shelby Steel Tube*

*Co.* (1910), 226 Pa. St. 239, 18 Ann. Cas. 611, and note; *Haakensen* v. *Burgess, etc., Co.* (1912), 76 N. H. 443, 83 Atl. 804, Ann. Cas. 1913B 1122, and note. But where an employer is not required to furnish such scaffold and does not undertake to furnish the same, but merely supplies suitable material therefor and the construction thereof is entrusted to, or assumed by, the workmen themselves within the scope of their employment, the employer is not answerable to one of his servants injured thereby for the negligence of a fellow servant in the construction thereof. *Patterson* v. *Southern R. Co.* (1912), 52 Ind. App. 618, 99 N. E. 491; *Cincinnati Gas, etc., Co.* v. *Underwood* (1915), 60 Ind. App. 351, 107 N. E. 28; *Lagler* v. *Roch, supra; Studebaker* v. *Shelby Steel Tube Co., supra; Haakensen* v. *Burgess, etc., Co., supra; Griffin & Son* v. *Parker* (1914), 129 Tenn. 446, 164 S. W. 1142, L. R. A. 1917F 497. It thus appears that, where a scaffold is required by servants for the performance of their duties, ordinarily the master owes them a duty in the alternative, either to furnish such scaffold or suitable materials therefor. 4 Labatt, Master and Servant (2d ed.) §1546. The act of choosing between such alternatives belongs to the master. If he elects to furnish such scaffold, he is responsible for a lack of reasonable care in its construction, whether the choice is made by himself in person, or by one clothed by him with apparent authority so to do. *Penson* v. *Inland, etc., Paper Co.* (1913), 73 Wash. 338, 132 Pac. 39, L. R. A. 1915F 15.

In this case there is evidence which tends to show that appellee was the owner of the building under construction; that he employed one Frank Griner, as his foreman, and placed him in charge of the men and the work; that in the

process of construction Ernest Griner, who 4. was a workman on the building, constructed a scaffold on the east side thereof, by the direction of said foreman; that in so doing he used eight-penny nails to fasten the brackets of the scaffold to the walls of the building; that the nails were too small for such purpose, and rendered the construction of the scaffold defective; that appellee had furnished on the premises other nails of sufficient size, which the workmen could have used for such purpose; that appellant went upon the scaffold by the direction of such foreman for the purpose of assisting in the construction of the building; that, while he was on the scaffold in performance of the work so assigned him, it fell by reason of such defective construction, and caused the injuries of which he complains. We are unable to determine from these facts, or from any other facts which the evidence tends to establish, what choice appellee made with respect to the two alternatives open to him in regard to the construction of the scaffold, or in fact what course he pursued with reference thereto. The act of appellee's foreman in directing one of the workmen to construct the scaffold is not decisive, as it is consistent with either theory. *Patterson* v. *Southern R. Co., supra.* It is apparent, under the well-settled rule respecting directed verdicts, that, in a case where the evidence is conflicting, or reasonably consistent either with the hypothesis that the defective scaffold was constructed by the fellow servants of the injured person out of materials furnished by the master, or with the hypothesis that it was constructed under the direction of the master or his representative, the question is one for the jury. 4 Labatt, Master and Servant

(2d ed.) §1546; *Penson* v. *Inland, etc., Paper Co., supra; Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Matthews* v. *Myers* (1916), 64 Ind. App. 372, 115 N. E. 959. The evidence before us presents a case where the jury might have drawn reasonable inferences in support of either theory respecting the construction of the scaffold, and hence the question for determination in that regard was one of fact rather than one of law.

But if it could be said that the undisputed evidence shows that appellee did not originally elect to furnish the scaffold in question as an appliance for the use of his workmen, but furnished suitable material therefor and left its construction to them, still under the evidence of this case a directed verdict in favor of appellee would not have been authorized. This arises from the fact that there is some evidence that appellant was not present when the scaffold was constructed, and did not know the kind of nails used therein; that prior to the time he went upon the scaffold to work he inquired of appellee's foreman as to the safety of the scaffold, and was assured by him that it had been constructed "solid and good." Under these circumstances the jury might have found that appellee adopted this scaffold after its construction and furnished it to appellant as a completed appliance for his use in the performance of the work required of him. In that event, appellee in his relation to appellant would have been liable for any negligence in its construction, notwithstanding the fact that it had been originally built under such circumstances as to relieve him from liability for any negligence in the manner of its construction.

Appellee contends that the evidence shows that appellant's alleged injuries were the result of a risk assumed by him as an incident to his employment, and hence the court did not err in directing a verdict. It is well settled that a servant in accepting employment assumes all the hazards and dangers necessarily incident to the service that are open and apparent, whether necessarily incident to the services or not. Such assumption includes not only those hazards and dangers that are known, but also such as may be discovered by the exercise of reasonable care and diligence. *Indianapolis Traction, etc., Co. v. Holtsclaw* (1907), 41 Ind. App. 520, 82 N. E. 986; *Lagler v. Roch, supra.* This rule, however, has been relaxed in cases where the servant, at the time of receiving the injury, was acting under specific directions and orders of the master and where his injury was the result of such obedience. In such cases, especially where the master gives assurance of safety, he may obey the order, even though before such assurance was given he may have had doubts and misgivings as to the danger, and by so doing he does not necessarily assume the risk. *Standard Cement Co. v. Minor* (1913), 54 Ind. App. 301, 100 N. E. 767, and authorities there cited. While it is true, as appellee claims, the evidence shows that appellant knew that other scaffolds on the building in question had been constructed with eightpenny nails; that he realized that a scaffold so constructed was unsafe, and made objections to a fellow workman with reference thereto, it is likewise true that there is evidence which tends to show that appellant was not present when the particular scaffold in question was constructed and did not know the kind of nails used

therein, but believed that they would not use eight-penny nails on a scaffold that high. There is also evidence that prior to the time appellant was directed to go upon the scaffold to continue his work on the building, appellee's foreman assured him that the scaffold had been constructed "solid and good." In the light of this evidence we cannot say as a matter of law, under the rule stated, that appellant's injuries were the result of an assumed risk.

Appellee finally seeks to justify the giving of the peremptory instruction on the ground that the evidence shows that appellant was guilty of contributory negligence. We cannot agree in this view of the case. Under the evidence stated above, the question of contributory negligence was clearly one for the jury.

A careful consideration of the entire record leads us to conclude that upon each essential averment of the complaint, and upon the questions of assumption of risk and contributory negligence, there was at least some evidence from which the jury might have drawn inferences in appellant's favor. Under the authorities this was sufficient to require a submission of the case to the jury. *Patterson* v. *Southern R. Co., supra; Lyons* v. *City of New Albany, supra; Parker* v. *Hickman* (1915), 61 Ind. App. 152, 111 N. E. 649; *West* v. *National Casualty Co.* (1915), 61 Ind. App. 479, 112 N. E. 115. The trial court, therefore, erred in giving the peremptory instruction.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 119 N. E. 839.