SNOUFFER, ADMIN. OF ESTATE OF *McCARTY v.* PEOPLE'S
TRUST AND SAVINGS COMPANY, TRUSTEE, ETC.

[No. 20,151. Filed December 7, 1965. Rehearing denied January 17,
1966. Transfer denied March 7, 1967.]

*Joseph Christoff*, of Fort Wayne, for appellant.

*John R. Leal, Jerry L. Coslow,* and *Newkirk, Keane & Kowalczyk,* of Fort Wayne, for appellee.

WICKENS, J.—This cause is before us to test the ruling of the trial court sustaining appellee's demurrer to the second

amended complaint. Having refused to plead over, judgment was rendered against plaintiff-appellant.

Appellee's decedent, Frank McCarty, by will created a trust for the benefit of his son. He also provided that on the termination of the trust, the funds then remaining were to be used to erect and construct a mausoleum as a final resting place for his remains and the remains of others of his family. Appellant, the personal representative of the son's estate, brought suit seeking a resulting trust on the alleged invalidity of the testamentary provisions.

The issue is: did the second amended complaint state facts sufficient to constitute a cause of action requiring the trial court, in accordance with the prayer, to declare a resulting trust for plaintiff and to order remaining trust funds delivered to him and to also require an accounting from appellee? On that subject, of course, there is nothing in the record to show on what theory the trial court based its ruling.

If the action of the trial court is sustainable on any theory it must be affirmed. *State ex rel. Anderson v. Brand, Trustee* (1937), 214 Ind. 347, 357, 5 N. E. 2d 913, 110 A. L. R. 778; 2 Ind. Law Encyc., *Appeals,* § 472.

It is a general rule that the burden is on the one asserting a resulting trust against the holder of the legal title. All presumptions and inferences are against the one who seeks to establish such trust. *Schwab v. Schwab* (1959), 130 Ind. App. 108, 122, 162 N. E. 2d 329.

In this appeal appellant is required to show that the second amended complaint was sufficient, not only as to the points in the memorandum, but also as to any ground not covered therein. Presumptions in favor of the rulings of the trial court require us to sustain the ruling if we find the complaint insufficient for any reason. *Parker v. Hickman* (1916), 61 Ind. App. 152, 158, 111 N. E. 649; *Barnum v. Rallihan* (1916), 63 Ind. App. 349, 356, 112 N. E. 561, (Trans-

fer denied) ; *Nelson* v. *Reidelbach, Exr.* (1918), 68 Ind. App. 19, 29, 119 N. E. 804.

The will of Frank McCarty, set out as an exhibit to plaintiff-appellant's complaint, first provided for payment of his debts and expenses and all taxes. The residue of his estate was bequeathed "absolutely and in fee simple to" the trustee, in trust, upon certain recited terms and conditions. Detailed authority and directions to the trustee were set forth. The trustee was ordered, after the administration, to pay to testator's son (appellant's decedent) the income of the trust for and during the son's natural life.

It was then provided:

"2. This trust shall terminate upon the death of Owen T. McCarty and said Trustee shall use if necessary, the accrued income, if any, and such part of the corpus as may be required in order to give said Owen T. McCarty a decent and respectable burial. It is anticipated by me that the income from the trust property distributable as aforesaid to my said son will be ample and sufficient to take care of his ordinary requirements but if he should suffer some serious accident or be subjected to a prolonged illness and does not have the means to pay for medical, surgical, nursing and hospital care said Trustee if it finds the net income distributable to my said son insufficient for him to pay and discharge, and he has no other means so to do, such surgical, medical and hospitalization requirements, then and in such event Trustee is authorized to use such part of the corpus so as to provide my said son with the proper and necessary hospitalization, medical and surgical care and treatment.

"3. The property remaining upon the termination of this trust as aforesaid after the payment of funeral expenses and burial of my said son, shall be used by said Trustee to erect a mausoleum in Lindenwood Cemetery, Fort Wayne, Indiana, upon my family lot or a lot which I may, during my lifetime, procure for such purpose or a lot or space of ground the Trustee may purchase,—it being my intention if I do not select a place during my lifetime, to have the Trustee select a place within the cemetery on which to locate the mausoleum. As soon as the mausoleum has been erected and constructed said Trustee shall cause the bodies of my mother, Sarah McCarty, my uncle, John B. Welten,

my aunt, Carrie Welten, my son, Owen T. McCarty, and my body removed from their resting place and interred in this new mausoleum, which mausoleum shall bear the necessary inscription as to the bodies interred therein, the dates of birth, their death, etc. In the erection and construction of said mausoleum said Trustee shall first sell and dispose of all trust property so that the trust shall consist entirely of cash and said Trustee shall then determine the costs and expenses to be incurred in looking after the proper erection and construction of said mausoleum and shall also anticipate the cost and expense of removing bodies as aforesaid to said mausoleum and then determine the amount available for the erection and construction of such mausoleum. It is my intention and I so instruct said Trustee to use the funds available for the erection of a mausoleum,—the location, design and character of structure to be left entirely to the discretion of said Trustee. I have considered for a number of years the disposition of my estate. All that I possess has come to me as compensation and reward for services rendered and I have worked and saved since I was a small boy and I feel that I have a right to make whatever disposition I may care to make of my property. It is my purpose to use all of my property which may be available to build a final resting place for me and the persons herein designated and I want everyone who may read my will to know that the disposition I have made of my property is done by me alone and not upon the advice of any individual or institution.

Item IV

"In the event my said son, Owen T. McCarty, should predecease me, then and in that event all the rest, residue and remainder of my property shall be reduced to cash by sale thereof by my Executor and the proceeds so derived therefrom and all other property constituting a part of my estate shall be used by my Executor to erect a mausoleum and said Executor to have the same powers as given the Trustee in the foregoing item of my will and so proceed with the erection of the mausoleum in the same manner as required of the Trustee in the foregoing item of my will."

The complaint by recital shows: Frank McCarty died testate July 2, 1954; his will was probated and a copy of it was made part of the pleading; his estate was fully administered; he was survived by his son Owen T. McCarty and no spouse and no

other descendant; the plaintiff is the administrator with the will annexed of the estate of Owen T. McCarty who died May 22, 1959; that Peoples Trust and Savings Company is an Indiana corporation engaged in the general banking business in Fort Wayne, Indiana acting as corporate fiduciary and trustee under Item III of said will; that the persons named in said Item III, namely, Sarah McCarty, John B. Welten and Carrie Welton died prior to June 19, 1952; that a trust was established pursuant to said will and the defendant qualified, accepted and continues to act as trustee thereof; that the executor of the will delivered to the defendant all assets of the estate pursuant to the will; that on June 20, 1958, the will of Owen T. McCarty was made and a copy of it was made a part of the complaint; that the plaintiff qualified as administrator with the will annexed of the estate of Owen T. McCarty on September 27, 1960, and so continues to act; that no mausoleum site was acquired by or for Frank McCarty or the trust up to the time the complaint was filed; and that the widow of Owen T. McCarty refused the defendant and all other persons the right or authority to remove the remains of Owen T. McCarty or Frank McCarty.

The theory of appellant's complaint is not couched in clear statements of fact. Appellee charges that the complaint is made up of conclusions of law We will not pass on that charge because of the result reached and since it is true that "the line of demarcation between 'ultimate facts' or 'conclusions of fact' and 'conclusions of law' is quite often shadowy and indistinct." *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 514, 45 N. E. 2d 351.

The complaint charges and appellant has assigned and argued that the will creates a trust for the maintenance and repair of a mausoleum; that there is no way of ascertaining the beneficiaries capable of enforcing such trust; that the purpose of such trust is capricious and wasteful; that the corpus of such trust may not vest sooner than 21 years after

the death of Owen T. McCarty; that trustee's powers are too broad and indefinite and no length of time is set for the trustee to erect the mausoleum and that the erection of a mausoleum without funds for maintenance cannot be legally done and if done would constitute a common law nuisance.

Appellee questions the right of appellant to bring this action, and says that appellant's decedent accepted and received benefit from the testamentary trust and was thereby estopped from questioning its validity, the will having been probated and the estate closed. Appellee insists that appellant therefore, in order to state a cause of action, must allege that Owen T. McCarty did not receive or accept any benefit provided for him under said will.

The probate of the will does not determine its construction. Probate thereof adjudicates nothing as to the meaning or operation of the will. *Clearspring Township* v. *Blough* (1909), 173 Ind. 15, 23, 88 N. E. 511; *Faught et al* v. *Faught* (1884), 98 Ind. 470, 478.

It is our opinion that the trust for the son is separable from the provisions for the mausoleum. Acceptance of benefits from the trust, of itself, will not prevent appellant from seeking construction of the will as it relates to a bequest for a mausoleum; these positions are not inconsistent.

The contentions by appellant seem to proceed from an impression that there is a trust for the purpose of providing the mausoleum. There is only one trust here and this is not its purpose. When appellant claims the purpose for which the trust is created is too broad or says the trustee's powers are too broad, we must assume that he is referring to what he believes to be a trust for the building of a mausoleum. No such trust is involved here. We do not find the purpose of the trust or the powers of the trustee, or the bequest for the mausoleum to be ambiguous or to be too broad.

The provisions of the will show the creation of a trust for

the son for the duration of his life. At the death of the son there is this express proviso: "This trust shall terminate upon the death of Owen T. McCarty." We cannot conceive how such a trust can possibly be said to extend longer than the provision of the present Indiana perpetuity statute; ". . . twenty-one [21] years after a life or lives in being at the creation of the interest." Acts 1945, ch. 216, § 1, p. 983, § 51-105 Burns' 1964 Replacement. The trust so created was for a definite, determinable period of time—the lifetime of the son. It is clear that this is not invalid because of its duration.

Is it true, then, that the trust may be void because there are no beneficiaries capable of enforcing it? The answer is no. The trust was for the benefit of the son; its objective which is entirely legal, was to provide living and burial expenses. During his lifetime the son, as beneficiary, had a right to demand and enforce performance from the trustee. At his death his personal representative could compel the trustee to pay for the son's funeral and burial. The record here, including interrogatories hereafter mentioned, show the son's living and funeral expenses were paid by the trustee. The erection of the mausoleum, to the extent that this bequest is part of the son's burial right as provided in the will, is enforceable by the personal representative of the deceased son and by his nearest of kin as the performance of any bequest in a will can be compelled. The nearest of kin may require the building of the mausoleum and may demand that a place be provided for bodies therein as provided by the residuary clause. The court having probate jurisdiction officially oversees performance of all conditions in the will.

That part of the will directing the trustee, after the trust was concluded, to provide the mausoleum is simply a residuary bequest. To the same effect are the provisions for interment of the bodies therein. Although the decedent may not be legally able to control the disposition

of bodies of others this does not nullify the bequest. In other states it has been held that the testator's wish as to disposition of his body will be paramount to the wishes of all others where no spouse survives. 22 Am Jur 2d, *Dead Bodies* § 12. There is no Indiana rule giving the former daughter-in-law any control over a testor's body as the complaint indicates that she asserts.

All interest in property vested at the death of testator, Frank McCarty. When property is delivered over to a trustee, the trustee takes the legal title and the beneficiary takes the equitable title. Both have a property interest recognized by law. *Trusteeship of Creech* v. *Russellville Bank* (1959), 130 Ind. App. 611, 619, 159 N. E. 2d 291, (Transfer denied) ; 54 Am. Jur., *Trusts*, § 96.

Here the right to receive income is an "interest" within the meaning of the perpetuity statute and does vest. Where the net income of trust property is given absolutely to a beneficiary, such beneficiary has a vested equitable interest in the principal. 54 Am. Jur., *Trusts*, § 102.

Positive giving of all the trust property to the trustee constitutes an immediate vesting of the title in the trustee and in the beneficiaries. *Quinn* v. *Peoples Trust & Savings Co.* (1945), 223 Ind. 317, 334, 60 N. E. 2d 281, 157 A. L. R. 885.

The fact that upon termination of the testamentary trust, the same corporate person who is the trustee therein is directed to acquire the site, have the mausoleum constructed and interment or reinterment of the bodies, does not make that function a trust except as such word is used to describe the administration of an estate.* The

---

* "Indiana statutes use the term 'trust' generally to describe a fiduciary relationship. Thus, Burns' 7-403 describes the administration of an estate as a trust. Burns' 8-123 describes guardianship as a trust. Another section of the probate code indicates that the probate commissioner's jurisdiction is intended to extend to estates, guardianships, receiverships and other trusts."
*Trusts, Wills, Estate Administration and Taxes*—Part 3, p. 1, Ind. St. Bar Assn. (1965).

situation is no different than if the will had directed the trustee upon the death of Owen T. McCarty to deliver the funds remaining to a third person who was then and thereby directed to so expend the funds.

In fact, we view the bequest as being the same as if no trust existed. In such event could there be any argument if the personal representative were, [sic] upon closing the estate, directed to expend the same amount in exactly the same fashion and for the same purpose? As it is, such duty devolves on the trustee then acting for all purposes as a personal representative.

On the query of whether the bequest for the mausoleum is void because "capricious and wasteful," we do not have the authority, nor the duty, to so determine by comparing with our views the wisdom, efficiency, or economic value of testator's expressed desires. We are constricted in this determination of validity by the rules of law which say:

> "The fact that the disposition of the testator's property made by the will is capricious, unjust, spiteful, eccentric, revengeful or injudicious, does not of itself render the will invalid."

1 Bowe-Parker: *Page on Wills* § 3.11, pp. 89-90.

We, of course, do not infer that the testator's expressed desire deserves any of the above appellations. However, we are in agreement with the legal authority quoted.

The bequest relating to the mausoleum is not illegal, immoral or contrary to public policy. The right to make a will is a purely statutory right. It is subject to complete control of the legislature. The legislature may at any time add new restrictions upon testamentary power. We know of no limits or restrictions in the Indiana statutes which prevent a testator from leaving his entire estate to buy a site and erect a mausoleum with provisions for his own body and the bodies of others.

"A will may dispose of property for any object that is not illegal, immoral or against public policy, and it has broadly been laid down that a devise must be sustained unless the object is contrary to settled principals of law or to a statute. Thus, a bequest may be valid when for a monument or mausoleum * * *." 94 C.J.S. *Wills* § 93.

There appears to be no Indiana cases questioning a similar bequest to locate and build a mausoleum. Other jurisdictions have sustained similar burial provisions. *Ford* v. *Ford's Ex'r* (1891), 91 Ky 572, 16 S. W. 451, 452; *Pfaler* v. *Raberg* (1885), N. Y., 3 Demarest 360, 361; *Waller* v. *Sproles* (1929), 160 Tenn. 11, 22 S. W. 2d 4, 5, 6; *Bainbridge's Appeal* (1881), 97 Pa. 482; *Detwiller* v. *Hartman* (1883), 37 N. J. Eq. 347-351; *In Re Baeuchle's Will* (1950), 301 N. Y. 582, 93 N. E. 2d 491.

The fact that a testator may make an unreasonable or unnatural disposition of his property is a proper matter to consider where his soundness of mind is in question but ▆ of itself it furnishes insufficient basis for a court to reject a will. In this matter there was no attack on the execution of the will or on the testator's mental capacity.

Appellant has also contended that the erection of a mausoleum in said Lindenwood Cemetery would constitute a public nuisance and that it violates public policy because laws of this state would not permit such a structure to be erected in any cemetery unless additional funds are delivered to said cemetery over and above the cost of a mausoleum site, presumedly for care. The complaint does not contain sufficient facts to show this situation and the provisions of the will set out herein are adequate to give authority for such expenditure as a part of the purchase price of the site. The authority is not limited to the erection of a mausoleum. In that connection the will orders the trustee:

"[T]o use the funds available for the erection of a mausoleum—the location, design and character of structure to be left entirely to the discretion of said Trustee."

This direction is sufficient to authorize the expenditure of such funds as are required to obtain a site on which the mausoleum can be erected. If the cost of the site requires and includes funds for future care, that appears well within testator's contemplation. It is our holding that the bequest pertaining to the mausoleum is in all things valid and enforceable.

Appellant argues that appellee should have been compelled to answer certain interrogatories. The record shows appellee objected to said interrogatories and the objection was sustained by the trial court. Appellant does not even allege that the ruling of the trial court was incorrect. In fact, appellant's brief almost conceals the fact that the court sustained the objection. The ruling of a trial court on the objection to the interrogatories we find to be correct.

A consideration of the second amended complaint, even if aided by those answers which were made to certain interrogatories, as appellant requests, does not enable us to find any cause of action stated.

Finding no error in the record, the judgment of the trial court is affirmed.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 165.