## CURRYER *v.* OLIVER.

[No. 3,766.    Filed May 7, 1901.    Mandate modified October 11, 1901.]

TRIAL.—*Motion for Judgment on the Evidence.*—A motion for judgment on the evidence is equivalent to a demurrer to the evidence, and the same rules of construction apply.    *p. 426.*

SAME.—*Motion for Judgment on Evidence.*—On a motion for judgment on the evidence the court must accept as true all facts which the evidence tends to prove, and, as against the party making it, to draw from the evidence all such reasonable inferences as the jury might draw, and, if there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the motion is directed can be considered.    *pp. 426, 427.*

PHYSICIANS.—*Revocation of License.*—*Evidence.*—*Sufficiency.*—In a suit to revoke the license of a physician because obtained by misrepresentations as to defendant's graduation from a medical college, the county clerk's record was introduced in evidence, showing the issuance of a license to defendant, and that he had graduated from a certain medical school.    The clerk also testified that he would not have issued the license without affidavit as to place of graduation.    The clerk's record contained another affidavit on which the certificate of registration was issued, which recited that the physician was not a graduate from the school named in the previous affidavit.    *Held,* that the sustaining of a motion for judgment on the evidence in favor of defendant at the close of plaintiff's evidence was reversible error.    *pp. 427, 428.*

From Clay Circuit Court; *S. M. McGregor,* Judge.

Suit by William F. Curryer, Secretary of the State Board of Registration and Examination, against Jacob B. Oliver to revoke the defendant's license to practice medicine.

From a judgment for defendant, plaintiff appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, Rowland Evans, E. S. Holliday, F. A. Horner* and *J. M. Rowley,* for appellant.

*A. W. Knight* and *S. D. Coffey,* for appellee.

ROBY, J.—William F. Curryer filed his verified petition in the Clay Circuit Court on January 19, 1899, which petition was in the words and figures following:    "State

of Indiana, Marion county, ss. In Clay Circuit Court, January term 1899. William F. Curryer, being duly sworn, on his oath, says: That he is a member and secretary of the State Board of Medical Registration and Examination; that on the 13th day of July, 1897, one Jacob B. Oliver, obtained from the State Board of Medical Registration and Examination a certificate entitling him to practice medicine, surgery, and obstetrics, upon his affidavit and that of two freeholders as to his identity and qualifications; also upon a physician's license issued by the clerk of the Clay Circuit Court, March 21, 1892, which license was in the words and figures following, to wit: 'I, W. S. Carpenter, clerk of the circuit court of Clay county, in said State, do hereby certify that Jacob B. Oliver has complied with the laws of the State of Indiana relating to the practice of medicine, surgery, and obstetrics, and is hereby authorized to practice medicine, surgery, and obstetrics in said county. Witness my hand and seal of said court this 21st day of March, 1892. W. S. Carpenter, Clerk.' And affiant says that the said license so exhibited to the said board was obtained by said Oliver by misrepresentation and fraud, and by false and fraudulent representation to the effect that he, the said Oliver, was a graduate of a reputable medical college, when in fact said Oliver was not a graduate of any medical college whatever. And affiant says that upon the evidence of said license of 1892, so falsely and fraudulently procured, this board issued to said Oliver a certificate entitling him to a license to practice medicine, surgery, and obstetrics. Therefore, affiant prays that the aforesaid license issued upon the certificate heretofore granted by said board shall be revoked. William F. Curryer. Subscribed and sworn to before me this 11th day of January, 1899. M. H. Peacock, Notary Public. (L. S.)

"Be it remembered that, upon the filing of the aforesaid verified charge, it was unanimously resolved by said board that said charge be certified to the Clay Circuit Court of the

State of Indiana, for a finding of guilty, or not guilty, as to the charges therein made against Jacob B. Oliver.

"I, William F. Curryer, Secretary of the State Board of Medical Registration and Examination of the State of Indiana do hereby certify that the foregoing is a true, full, and correct copy of the specific charge, verified by affidavit, and of the action of said board thereon, which has been presented to said board, making definite and specific charges against Jacob B. Oliver, the holder of a license issued by the clerk of Clay county circuit court of Indiana, upon a certificate granted by the said board; and, further, that said charge has been ordered by said board to be referred to the Clay Circuit Court, of the State of Indiana. Witness my name and the seal of said board at Indianapolis, this 11th day of January, 1899. William F. Curryer. (Seal.) Indorsed: Filed January 19, 1899. Charles L. Mace, Clerk."

Thereupon a summons was issued to appellee, who appeared, demurred to the complaint, and, upon his demurrer being overruled, answered by general denial. The cause was submitted to the court for trial without a jury, and evidence introduced. At the close of the petitioner's evidence, the appellee moved the court for a finding and judgment in his favor on the evidence, which motion was by the court sustained. This action of the court presents the sole question.

The proceeding is brought by virtue of the provisions of the act of 1897. §5352e Horner 1897, §7323e Burns Supp. 1897; *State, ex rel.,* v. *Webster,* 150 Ind. 607.

The motion for judgment on the evidence was equivalent to a demurrer to the evidence, and the same rules of construction apply. Elliott's App. Proc., §687. The principles which the court must apply in considering a demurrer to the evidence are: (1) The court is bound to accept as true all the facts which the evidence tends to prove and as against the party demurring to draw from the evidence all such reasonable inferences as a jury might draw. (2) If

there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the demurrer is directed can be considered, and that which is favorable to the demurring party is deemed to be withdrawn. *Palmer* v. *Chicago, etc., R. Co.,* 112 Ind. 250, and authorities there cited; *Hartman* v. *Cincinnati, etc., R. Co.,* 4 Ind. App. 370; *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30.

The issue in the case was whether appellee obtained his license by fraud and misrepresentation, the misrepresentation alleged being that he (appellee) was a graduate of a reputable medical college, when, in fact, he was not a graduate of any medical college.

The evidence consisted of the record kept in the office of the clerk of the Clay Circuit Court, showing the issuance of a license to appellee under the act of 1885, as set out in the petition above quoted. The clerk who made the record testified that the license would not have been issued if appellee had not made an affidavit, and that the information as to the name of the university from which appellee graduated, and the date of his diploma, were taken from such affidavit. The affidavit itself could not be found, although search was made in the proper place at various times. The book containing the copy of the license was identified as "The Record of Physicians' Certificates". It was kept in the clerk's office of Clay county. No objection was made to the admission in evidence of this record. The act then in force provided, among other things, that "Such applicant shall pay to such clerk for such license the sum of $1.50, and such clerk shall record such license, together with the name of the college in which such applicant graduated, and the date of his or her diploma, in a book to be kept for such purpose, and which shall be a public record." §7319 Burns 1894.

There can be no doubt upon this evidence that appellee procured a license upon the representation that he graduated from the institution named at the time named; at

least, such inference might be fairly drawn. The presumption, until the contrary is shown, is that the clerk properly discharged his duty. The statute prescribing the duties of the clerk, so far as applicable, provided as follows: "Any person desiring to practice medicine, surgery and obstetrics in this State shall procure from the clerk of the circuit court of the county wherein he or she resides, or wherein they desire to locate to practice, a license which authorizes him or her to practice anywhere within the State, which license shall be issued to such person, only when he or she shall have complied with the following conditions, to wit: When such applicant shall file with such clerk his or her affidavit stating that such applicant has regularly graduated in some reputable medical college, and shall exhibit to such clerk the diploma held by such applicant," etc.    §7319, *supra.*

It being established that the appellee obtained a license by virtue of the representations that he had graduated from Howard University at the time named, the next question is as to the truth of the representation.

On June 2, 1897, appellee made his affidavit, which was introduced in evidence, and upon which a certificate of registration was issued to him, which is also in the record, stating in such affidavit that he was not a graduate of Howard University. From the evidence so introduced, in the absence of any explanation or denial by appellee, the ultimate facts charged in the petition might have been properly inferred.

The learned attorneys who represent the appellee have in their brief stated many alleged facts not found in the record. In so far as those facts are pertinent, it would have been better to have presented them to the court below in the usual manner, while those not relevant have no place in the record in any form. Many of the expressions contained in the brief are in ill taste.

Judgment reversed, with instructions to overrule motion for judgment, and for further proceedings not inconsistent herewith.

### Modification of Mandate.

Per Curiam.—The mandate herein is so modified as that judgment is reversed and the cause remanded, with instructions to grant a new trial, and for further proceedings not inconsistent herewith.