# HOWARD ET AL. v. INDIANAPOLIS STREET RAILWAY COMPANY.

### [No. 4,247.    Filed October 8, 1902.]

APPEAL AND ERROR.—*Record.*—*Evidence.*—Where an attempt was made to bring the evidence into the record under the ineffective act of 1899, but the transcript of the evidence contains the essentials of a bill of exceptions, was signed by the trial judge, filed after being so signed, incorporated into the transcript, and duly certified, the same will be considered on appeal.·  *p. 515.*

TRIAL.—*Directing Verdict.*—Upon a motion for a peremptory instruction the court accepts as true all facts that the evidence tends to prove in favor of the party against whom the instruction is asked, and draws against the party making the motion all inferences that the jury might draw; and where there is room for difference of inference and finding, the issue must be left to the jury.  *p. 517.*

NEGLIGENCE.—*Street Railroads.*—*Injury at Crossing.*—Plaintiffs about to cross a street railroad track stopped their horse and looked in both directions and listened, and, failing to see or hear an approaching car, proceeded to cross the track at a slow walk and their buggy was struck by a car approaching from the east at a rapid rate of speed, without warning. There was a hill about 450 feet east of the crossing, and a car 1,500 feet east of the crossing. *Held,* that the question of negligence was for the jury. *pp. 516, 518.*

From Hancock Circuit Court; *C. G. Offutt,* Judge.

Action by Asher P. Howard and wife against the Indianapolis Street Railway Company and another for damages for personal injuries. From a judgment for defendant, plaintiffs appeal. *Reversed.*

*E. W. Little, J. J. Rochford, Charles Remster* and *Robert Williamson,* for appellants.
*Ferdinand Winter* and *Clarence Winter,* for appellees.

ROBY, J.—The appellants brought separate suits for damages on account of alleged personal injuries suffered by each of them. They aver negligence on the part of appellee. The same occurrence forms the basis for both actions, which were by agreement tried together and appealed in the same way. At the conclusion of the appellants' evidence appellee moved the court for a peremptory instruction in its favor; the motion was sustained, and the jury instructed to find for the defendant. From judgments upon the verdicts so procured the appeal is taken.

The assignments of error are that the court erred in overruling the appellants' motions for new trials. Giving the instruction mentioned was one of the reasons given for new trials. An attempt was made to bring the evidence into the record in accordance with the provisions of the ineffective act of 1899. The transcript of evidence contains the essentials of a bill of exceptions, and its substance is looked to in determining whether it is in fact a bill of exceptions. *Adams* v. *State,* 156 Ind. 596. The bill of exceptions is none the less a bill of exceptions on account

of the name mistakenly given it. The record shows that it was signed by the trial judge, filed after being so signed, incorporated into the transcript, and duly certified. *Breedlove* v. *Breedlove*, 27 Ind. App. 560; *Ayers* v. *Blevins*, 28 Ind. App. 101.

Appellants are husband and wife. They were, on the 16th of April, 1899, traveling west along Washington street which extended east from the city of Indianapolis. They were in a single top buggy, the side and back curtains of which were closed, and used the north side of the street until they reached the town of Irvington, about four miles east of Indianapolis. The appellee's street railway made a square turn from the street in question, south, into or through Irvington. When the appellants reached the railway, it was at this place, and they were compelled, by various obstructions in the street, to cross from the north to the south side thereof, and continued on that side of the street and tracks of the railway until they reached Coleman street, when they undertook to recross to the north side of the street, and, when upon the railway tracks, were struck and injured by a west-bound street car. The railway tracks were double. The north track was used by west-bound cars and the south track by east-bound cars. The collision occurred on a graveled way, and at a street crossing. The north track was unballasted except at the crossing. It was there graveled to a width of about ten feet. The crossing was not made at right angles, but bore to the west. The way followed by appellants was the usual one, and the only one open to the public along that part of the street. The track was thirty to thirty-five feet higher 450 feet east of the crossing than at the crossing. From that point it descended until 1,500 feet east from the crossing a street car was hidden by the intervening crest, coming gradually into view as it drew nearer. At 5:30 o'clock p. m. appellants reached Coleman street, Asher P. Howard driving. He stopped his horse, looked east twice, also,

to the west, arising out of his seat to do so. He did not see or hear any approaching car. He then started across the street, and drove over the railway tracks at a slow walk. The gravel was loose, and the wheels of the buggy made a grinding noise, which may have prevented the noise of the approaching car from being heard. When upon the north track, the vehicle was struck by the west-bound car, running at from eighteen to twenty miles an hour, without giving any warning of its approach by signal or otherwise. The negligence averred is that the car was negligently run at a dangerous rate of speed, and that the persons in charge of it were negligent in failing to give warning of its approach.

The action of the court in directing a verdict is defended upon two grounds: (1) That no negligence by appellee is shown; (2) that the appellants were both guilty of contributory negligence. Upon a motion for a peremptory instruction the court accepts as true all facts that the evidence tends to prove in favor of the party against whom the instruction is asked, and draws against the party making the motion all inferences that the jury might draw. Where there is room for difference of inference and finding, the issue must be left to the jury. *Curryer* v. *Oliver*, 27 Ind. App. 424. There is room for a strong inference to the effect that the motorman, who drove his car at eighteen to twenty miles an hour over the public highway, under the conditions existing, either failed to observe the covered buggy crossing the track in a manner indicating the ignorance of the occupants as to the danger threatening them, or, observing, refused to heed; and that he could and should, in view of what was open to his observation, have averted the collision by reducing the speed of the car and giving timely warning of its approach. This was a question for the jury, and the action of the court in this respect was not warranted.

The act of 1899, making contributory negligence a defense, applied to this case. §359a Burns 1901. The burden of the issue was therefore upon the appellee. It was entitled, however, to the benefit of the evidence introduced by its adversary. *Indianapolis St. R. Co.* v. *Taylor,* 158 Ind. 274.

Waiving all questions of practice, the substance of the dispute is as to whether, in driving upon the appellee's tracks as was done, the appellants were guilty of negligence? There is a material difference between a public highway and a right of way paid for and used by a commercial railroad. The street railway obtains the right to use the street by invoking the doctrine of mutual and reciprocal right to the use thereof by the public without reference to the particular description of vehicle used. Its rights are limited by the duty of using reasonable care to avoid injury to the persons and property of others lawfully·using the highway, which, from end to end and from side to side, belongs to the public. Persons using the highway lawfully have the right to presume that the railway company will exercise such reasonable care. The streets have not been surrendered to the railway company, and the use of heavy vehicles does not in law render persons with light vehicles trespassers upon the street. *Muncie St. R. Co.* v. *Maynard,* 5 Ind. App. 372.

The facts exhibited in this case do not convict the appellants of contributory negligence. The question was for the jury, and the binding instruction ought not to have been given. *Marchal* v. *Indianapolis St. R. Co.,* 28 Ind. App. 133.

Judgment reversed. Cause remanded with instructions to sustain the motions for new trials.