MONFORT *v.* INDIANAPOLIS AND CINCINNATI TRACTION COMPANY.

[No. 23,892. Filed December 2, 1920.]

1. NEW TRIAL.—*Motions.—Memorandum Not Required.*—The requirement of §5, Acts 1917 p. 526, §691e Burns' Supp. 1918, of a memorandum specifying the reasons why a motion should be sustained, does not apply to a motion for new trial. p. 685.

2. TRIAL.—*Directed Verdict.—Motion by Defendant.—Rules for Considering Evidence by Trial Court.*—The trial court, in ruling

on a motion made by defendant for a directed verdict, or on his demurrer to the evidence, must consider only the evidence most favorable to plaintiff, excluding all conflicting evidence favorable to defendant, and must regard as proved all facts supported by such evidence and all facts that can be reasonably inferred therefrom. p. 686.

3. APPEAL.—*Directed Verdict.*—*Evidence.*—*Sufficiency.*—When the sufficiency of the evidence to sustain a directed verdict is presented on appeal, the court must consider only the evidence most favorable to appellant, excluding all conflicting evidence favorable to appellee, and must regard as proved all facts supported by such evidence and all facts that can be reasonably inferred therefrom. p. 687.

4. NEW TRIAL.—*Motion.*—*Evidence.*—*Sufficiency.*—The trial court, in passing on a motion for new trial which attacks the sufficiency of the evidence to sustain a verdict is not restricted to a consideration of the evidence most favorable to the verdict, but can weigh the evidence presented. p. 687.

5. RAILROADS.—*Negligence at Crossing.*—*Evidence.*—*Rails Electrified.*—Evidence that flashes of light had for two or three days prior to the accident been observed to pass between the joints of the rails of an interurban electric railway, at the highway crossing where plaintiff's horse took fright and ran away, injuring plaintiff, and that two or three horses had there received shocks of electricity some time before the accident occurred was sufficient to require the court to submit to the jury the issue of the company's negligence in failing to discover and remedy the dangerous condition of the track. p. 687.

6. RAILROADS.—*Crossing.*—*Fright to Horse.*—*Evidence.*—Evidence that the rails of an interurban electric railway were charged with electricity at a highway crossing, and that plaintiff's horse, which was ordinarily gentle, became frightened while crossing the track at said point and ran away, even though there be no direct evidence that the foot of the horse touched the charged rail, is sufficient to require the court to submit to the jury the question whether the horse was frightened by electric shock or by box cars standing nearby on the tracks of another company. p. 688.

From Decatur Circuit Court; *John W. Donaker,* Judge.

Action by Elmore M. Monfort against The Indianapolis and Cincinnati Traction Company. From a

judgment for defendant, the plaintiff appeals. (Transferred from Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Myron C. Jenkins,* for appellant.

*Joseph R. Morgan* and *Thomas E. Davidson,* for appellee.

LAIRY, J.—Appellant began this action against appellee to recover damages on account of personal injuries which it is alleged was brought about by reason of the alleged negligence of appellee in permitting its track and railroad line at a public high-way crossing to remain in a dangerous condition. The specific charge in the complaint is that the rails of the appellee's track at the said crossing were highly charged with electricity, and that appellee carelessly and negligently suffered and permitted the bonds uniting and connecting the said rails to become and remain out of repair, thereby making said track dangerous to persons and animals upon and crossing over the same. The issues were closed by a general denial. At the close of appellant's evidence, the jury by direction of the court returned a verdict for appellee, and judgment was rendered accordingly. The action of the court in directing the jury to return a verdict for appellee is assigned as a cause for a new trial.

The only error assigned is that the court erred in overruling the motion for a new trial. Appellee insists that no question is presented for consideration, for the reason that the motion for a new trial does not have any memorandum attached thereto specifying the reason or reasons why such motion should be sustained as required by

§5 of the act of 1917 concerning civil procedure. Acts 1917 p. 526, §691e Burns' Supp. 1918. The Appellate Court held in *Wilson* v. *Sentman* (1919), — Ind. App. —, 121 N. E. 669, that said section did not apply to a motion for a new trial, and we are content with that ruling.

In view of the evidence appellant asserts that the court erred in directing the jury to return a verdict in favor of appellee.

By making a motion for a directed verdict, appellee challenged the evidence introduced by appellant on the grounds that it was not sufficient to sustain a verdict in his favor. In sustaining that motion the court held that there was entire absence of any evidence to support some one or more of the facts essentially necessary to uphold a verdict in favor of appellant. In deciding the question so presented, the trial court was required to consider only the evidence most favorable to the plaintiff, excluding all conflicting evidence favorable to the defendant. All facts supported by such evidence, as well as all facts which can be rightly and reasonably inferred therefrom, must be regarded by the court as proved in passing on the motion to direct a verdict.

The rules thus stated apply to the decision of the question presented by a demurrer to the evidence. *Lake Shore, etc., R. Co.* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20, 54 Am. Rep. 319; *Fritz* v. *Clark* (1881), 80 Ind. 591; *Milburn* v. *Phillips* (1894), 136 Ind. 680, 34 N. E. 983, 36 N. E. 360.

The same rules apply when the question arises on a motion to direct a verdict. *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593; Elliott, App. Proc. §687; *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514, 64 N. E. 890.

The same rules also apply when the sufficiency of the evidence to sustain a verdict is presented on appeal. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Cleveland, etc., R. Co.* v. *Christie* (1912), 178 Ind. 691, 100 N. E. 299.

The rules stated do not apply, however, when the question of the sufficiency of the evidence is presented to the trial court for review by a motion for a new trial. *Cleveland, etc., R. Co.* v. *Baker* (1920), (Ind.) 128 N. E. 836; *George H. Hammond & Co.* v. *Schweitzer* (1887), 112 Ind. 246, 13 N. E. 869.

When the question of the sufficiency of the evidence is presented by a motion to direct a verdict, the court cannot weigh the evidence without invading the province of the jury.

According to the evidence appellee was at the time of the accident engaged in operating an interurban railway car by means of electricity. The tracks of appellant crossed Second street in the town of Adams, a short distance north of the point where the Big Four Railroad tracks cross the same street. The substance of the charge of negligence is that appellant negligently suffered and permitted the rails of its track at this crossing to be charged with a high current of electricity. The evidence bearing on this question was to the effect that a witness had observed flashes of light or a blaze, as the witness termed it, passing between the joints of the rails right at that crossing for two or three days prior to the accident, and that two or three horses had received shocks of electricity at that crossing some time before the accident to appellant occurred.

This evidence was sufficient to justify a jury in finding that the tracks were charged with electricity at that crossing. Having shown the dangerous condition of the track, it was incumbent on appellant to show that such condition was due to negligence on the part of appellee. Appellant asserts that proof of the dangerous condition under the circumstances shown was *prima facie* evidence of negligence, and, that such condition being shown, it then became incumbent on appellee to introduce evidence to account for or to explain the condition in some way consistent with due care on its part. The court is not required to decide whether the principle of *res ipsa loquitur,* which appellant invokes, applies to the facts and conditions disclosed by the evidence here, for the reason that the evidence shows that the condition had existed for some days before the accident to appellant. In the absence of any evidence to the contrary, this evidence was sufficient to have justified the jury in finding that appellant was negligent in failing to discover and to remedy the condition before the accident happened.

It is asserted by appellee that there is no evidence that the charged condition of the rails caused the horse driven by appellant to take fright and to run away. It is, of course, necessary that there should have been some evidence to show that the negligence of appellee was the proximate cause of the injury. On this question appellant testified that the horse he was driving was a gentle horse, not in the habit of shying. He stated that just as the horse was crossing the track he "went up in the air" and became unmanageable and ran away. There is no direct evidence that the foot of the horse came

in contact with the charged rail; but his fright is not accounted for in any other way. It is true that the testimony of appellant is not very clear as to the position of the horse at the time he took fright. He testified that he was unable to state the exact situation of the horse with reference to the rails at the time he took fright, and that he did not see or hear his foot come in contact with the rail; but he stated that the horse became unmanageable when crossing the track. In view of the nature of electricity in that its presence is not ordinarily discernible, and that its presence is manifested more frequently by its effects than in any other way, this evidence was sufficient to have justified a jury in inferring that the horse received a current of electricity transmitted from the rail, and that he was thereby frightened and caused to run away.

It is suggested that the horse may have frightened at some box cars which were shown to have been standing on the tracks of the Big Four Railway near the street. The evidence shows that the horse had passed these cars before taking fright; but, if it be conceded that the presence of the cars was a matter to be considered in determining the cause of the fright of the horse, still the jury, under the evidence, should have been permitted to decide whether such fright was caused by the cars or by the current of electricity.

There was some evidence of every essential element necessary to uphold a verdict in favor of appellee, and the case for that reason should have been submitted to a jury.

The trial court erred in overruling appellant's mo-

tion for a new trial. The judgment is reversed with instructions to grant a new trial.

Myers, J., not participating.