ACTON *v.* LOWERY

[No. 16,647.   Filed June 24, 1941.   Rehearing denied October 23, 1941.]

*Fred Barnett,* of Hammond, for appellant.

*William J. McAleer, Francis J. Dorsey, William L. Travis,* and *Raymond B. Young,* all of Hammond (*McAleer, Dorsey, Travis & Young,* of Hammond, of counsel) for appellee.

BEDWELL, J.—This was an action by appellee to recover for damages to appellee's automobile which resulted from a collision between automobile operated by appellant and automobile owned and being operated by appellee.

The action was originally filed in the City Court of Hammond where judgment was rendered in favor of appellee. Appellant took an appeal to the Lake Superior Court where cause was tried by the court and judgment rendered for appellee. Appellant has appealed from this judgment and has assigned as error the overruling of his motion for a new trial. The only question presented by appellant's brief for determination is the sufficiency of the evidence to sustain the decision of the trial court.

The following facts are shown by the evidence: On December 24, 1937, between the hours of 7:15 and 7:30 a. m., appellant was driving his automobile north on the east side of Hohman avenue in the City of Hammond, and near the point where such avenue intersected with Chicago street which ran east and west. At the same time, appellee was operating his automobile in a southerly direction along the west side of Hohman avenue. Both streets and the sidewalks were covered with ice and snow. When the car of appellant was near the north line of the intersection of the two streets it went into a spin and started to skid. It traveled in the skid a distance of about two hundred feet and came in contact with the car of appellee, which, at the time of collision, was near the curb on the west side of Hohman avenue. Both cars were moving at the time of the

collision, and the right side of appellant's car came in contact with the left side of appellee's car. When car of appellant started to skid it turned completely around. Appellant, according to his own statement, was traveling between fifteen and twenty miles an hour at that time. When the car first began to skid, he tried to straighten the car up but couldn't. When it turned completely around, it went toward the east curb of the street and then went toward the west; it then hit the west curb and thereafter came in contact with automobile of appellee. Immediately after the collision, appellant jumped from his car and came over to appellee and asked him if he was hurt; and when appellee answered, "no," appellant then said, "It is my fault. Where did you buy the car?" Appellee answered, "Bohling Auto Sales." Appellant replied, "Get it repaired." Prior to the particular collision, and on the same morning, appellant's car had skidded on Truman boulevard in front of the fire station. In the collision, the car of appellee was damaged so that the frame was bent; the front grill work was caved in; the left side of the body was caved in, and one of the headlights was broken off. The cost of repairs was ninety-six dollars ($96.00). At the point of collision, Hohman avenue is forty-eight feet wide; and the curb is three inches high on the east side of the street and three and one-half on the west side of the street. The street was practically level and was constructed of cement, with a slight slope from the center to the curbs.

Appellee's complaint charges the appellant with negligence in the following particulars:

"(1) That he then and there operated his said automobile at a high, dangerous and excessive rate of speed, to-wit, thirty (30) miles per hour, although said Hohman Avenue was then and there covered with a film of ice and snow and was thereby

rendered exceedingly hazardous and dangerous for the operation of motor vehicles thereon; . . .

"(2) That said defendant failed to keep his said automobile under proper control so as to avoid the collision . . . .

"(3) That said defendant failed to keep a proper lookout for other persons and motor vehicles upon said highway, . . ."

Appellant contends that the evidence is insufficient to show negligence. He is relying upon decisions in other jurisdictions which hold that the mere skidding of an automobile does not, alone and unexplained, furnish evidence of the negligent operation of the car. See 5 Am. Jur., Automobiles, § 610, p. 841.

But while the skidding of an automobile, alone and unexplained, is not evidence of negligence (*Lambert* v. *Eastern Massachusetts St. Ry. Co.* (1922), 240 Mass. 495, 499, 134 N. E. 340, 22 A. L. R. 1291), such skidding may occur in connection with acts or omissions of the operator in such circumstances as to warrant a finding of negligence. *Spain* v. *Oikemus* (1932), 278 Mass. 544, 547, 180 N. E. 314; *Goyette* v. *Amor* (1936), 294 Mass. 355, 2 N. E. (2d) 219.

Where the evidence is conflicting and different inferences of fact can be drawn therefrom, whether a motorist was negligent in skidding generally presents a question for the jury to decide in the light of surrounding facts and circumstances. *Zarzana* v. *Neve Drug Co.* (1919), 180 Cal. 32, 179 P. 203, 15 A. L. R. 401.

At the time of the happening of the collision, the statute fixing the speed limit of automobiles (Acts 1929, ch. 190, § 1, p. 616, § 47-516, Burns' 1933) provided:

"No person shall drive or operate a motor vehicle or motor bicycle upon any public highway in this state at a speed greater or less than is reasonable

or prudent, having regard to the width of the highway, the density of the traffic, the condition of the weather and the use of the highway, or so as to endanger the life or limb or injure the property of any person. . . ."

The trial court was not required to accept, as an absolute fact, the statement of appellant that he was driving at a speed of from fifteen to twenty miles an hour when his car began to skid. The trial court was entitled to consider all the facts and circumstances, including the distance the car skidded, the obstructions it struck in traveling such distance, the slope and condition of the highway, the force with which the car of appellee was struck, in determining the speed at which appellant was driving; and the trial court had the right to determine whether a speed of fifteen to twenty miles an hour, under all the conditions and circumstances shown by the evidence, was reasonable and prudent. The trial court also had the right to consider the admission of appellant, made immediately after the collision, when he acknowledged the collision was his fault.

Time and again this court and the Supreme Court of this state have determined that they will not weigh conflicting evidence on appeal, nor will they determine the credibility of witnesses. In considering the evidence for the purpose of determining whether it is sufficient to sustain the decision of the trial court, this court will consider only the evidence most favorable to the appellee, excluding all conflicting evidence that is favorable to the appellant. See *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 686, 128 N. E. 842.

By the plain terms of the statute, appellant was prohibited from driving his automobile so as to endanger

the life or limb or injure the property of another person. There was evidence from which the trial court could determine that he drove his automobile at a speed that was greater than was reasonable and prudent under all of the conditions shown by the evidence to exist, and that as a result of the speed at which the same was driven, the car skidded for a distance of two hundred feet upon a level street and struck the automobile of the appellee.

The judgment is affirmed.

NOTE.—Reported in 34 N. E. (2d) 972.