DEVINE *v.* THE GRACE CONSTRUCTION AND
SUPPLY COMPANY.

[No. 30,242. Filed April 24, 1962. Rehearing denied June 12, 1962.]

100

*Charles W. Gannon,* of Gary and *James F. Biddle,* of Columbia City, for appellant.

*Hunt & Suedhoff,* of Fort Wayne and *Gates & Gates,* of Columbia City, for appellee.

BOBBITT, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement. See: *Devine* v. *Grace Construction and Supply Company* (1961), 177 N. E. 2d 476, for opinion of the Appellate Court.

It is an action by appellant to recover damages for personal injuries allegedly suffered by him when he swerved his automobile to avoid an alleged unlighted barricade placed across the south traffic lane of United States Highway No. 24, which was under repair by appellee pursuant to a contract with the Indiana State Highway Commission.

As appellant drove east from Peru, Indiana, at about 1:45 a.m. on July 13, 1950, at a speed of 50-55 miles per hour he "suddenly came into view" of the barricade and he "instantly turned to the left to try to avoid" it, and "upon seeing oncoming lights in the other lane of traffic" he turned farther to the left and to his "amazement there was the guard rail and

the abutment" which he struck throwing him out of the car. There were no other eye witnesses to the accident.

The sole question here presented is the alleged error of the trial court "in sustaining the motion of defendant, [appellee] at the close of plaintiff's [appellant's] evidence, to direct the jury to return a verdict for the defendant", Grace Construction and Supply Company.

Appellant asserts that there is evidence to support each allegation of his amended complaint; while appellee asserts (1) that there is no evidence to support certain allegations of the complaint, which for reasons that will presently appear we need not further consider; and (2) that appellant was guilty of contributory negligence which barred his recovery regardless of any alleged negligence of appellee.

The judgment of the trial court in this case must be affirmed if it can be sustained on any theory presented by the issues. *Pfisterer* v. *Key* (1941), 218 Ind. 521, 531, 33 N. E. 2d 330.

We shall first consider the evidence of contributory negligence.

If plaintiff-appellant was guilty of contributory negligence as a matter of law he cannot recover, and it was the duty of the trial court, under such circumstances, to direct a verdict for the defendant-appellee herein. *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571; *Day* v. *Cleveland, Columbus, Cincinnati and St. Louis Railway Co.* (1894), 137 Ind. 206, 210, 36 N. E. 854.

We are mindful of the rule as recently stated in *New York Central Railroad Company* v. *Glad, supra,* at page 572 of 179 N. E. 2d:

"The question of contributory negligence is one of fact for the jury when the evidence with respect thereto is in dispute or is conflicting, or is such that different minds may reasonably draw different conclusions or inferences therefrom. However, where but one reasonable conclusion or inference can be drawn from the evidence, the question of contributory negligence is one of law for the court." See also: *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 556, 114 N. E. 2d 873.

*First*: Appellee asserts that appellant is guilty of contributory negligence as a matter of law because he was driving his automobile at a speed of 50-55 miles per hour in a zone posted for "15 miles per hour" in violation of that part of Acts 1959, ch. 12, §1, p. 28, being §47-2004(b) (3), Burns' 1961 Cum. Supp., which provides, *inter alia*, as follows:

"No person shall drive a vehicle at a speed greater than the maximum number of miles per hour which shall have been determined and sign posted as a speed limit by the state highway commission."

While there is evidence that there was a sign posted on the highway with the words and figures "15 miles per hour" printed thereon, there is no evidence, nor were we able to find any from which a reasonable inference could be drawn, that a speed limit of 15 miles per hour was "determined and sign posted" by or at the direction of the State Highway Commission. Hence, the evidence here is not sufficient to sustain a charge of negligence by reason of the violation of a speed limit posted pursuant to the provisions of §47-2004(b) (3), *supra*.

*Second*: It is further asserted by appellee that appellant did not "heed . . . conditions he knew to be

more hazardous than normal" i.e., that appellant failed to exercise ordinary care under all the circumstances.

Section 47-2004(a) provides, in pertinent part, as follows:

> "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

Subsection (d) of §47-2004 provides, *inter alia*, that,

> "The driver of every vehicle shall, consistent with the requirements in subsection (a), drive at an appropriate reduced speed when . . . special hazards exist with respect to . . . other traffic by reason of . . . highway conditions."

The evidence most pertinent here is, in summary, as follows:

On July 23, 1950, appellee, The Grace Construction and Supply Company, was engaged in the repair of United States Highway No. 24, under contract with the State Highway Commission, from a point commencing approximately 300 feet west of the east corporate limits of the City of Peru, Indiana, and extending eastwardly to approximately 200 feet west of the west corporate limits of Wabash, Indiana. The accident here in question occurred about 2 1/4 miles east of the east corporate limits of Peru, and about 1/2 mile east of a gasoline station where appellant stopped to get some gasoline while on his way to a restaurant located at the county line of Miami and Wabash counties to get some food.

Appellant testified that as he "slowed down" to turn into the filling station he "conceivably passed

an obstruction in the road",—"some sort of a blockade of the road." He also testified that to his "knowledge" he did not "notice any warning signs along the side of the road" and that he could not remember that he "noticed any flares" or barricades.

Appellant further testified, on direct examination, that as he approached the barricade involved herein and around which he swerved to the left, he was traveling "50-55 miles per hour."

A deputy sheriff who was called to the scene of the accident testified, as a witness for appellant-Devine, that it was a "clear, dry, night", and as he traveled United States Highway No. 24 from Peru to the scene of the accident he observed a series of three black and white signs, one reading, "Road under construction travel at your own risk", one reading, "15 miles per hour", and a third, "Slow"; that each had two pots or torches (one on each side) and all were lighted except one; and that he observed a minimum of three lighted barricades between the signs to which he referred and the scene of the accident; that the road was straight for a short distance at the point of the accident and the vision of the driver was not obstructed.

A deposition of William A. Dunn, the project engineer in charge of the repair work being done by appellee on United States Highway No. 24, taken by defendant-appellee, was introduced into evidence by plaintiff-appellant herein. This witness testified that there were black and white signs stating, "Road Under Construction—Travel at Your Own Risk", and, "Slow", the latter sign being equipped with reflector buttons placed at each end at the beginning of and as you approached the construction work; that these signs were followed by another sign stating, "Road

Work Ahead", and that all of them were present at all times during the period of construction.

None of this evidence was withdrawn, explained or modified and the testimony of the deputy sheriff and the witness-Dunn, as above summarized, is unimpeached. They were appellant's own witnesses and under the circumstances here present he is bound by their testimony. *Burdon* v. *Wood* (1944), 7 Cir., 142 F. 2d 303, 306 (Cert. denied, 323 U. S. 733, 89 L. Ed. 588, 65 S. Ct. 70); *Gramar Investment Co.* v. *Cumberworth* (1950), 120 Ind. App. 379, 382, 92 N. E. 2d 736; 13 I. L. E., Evidence, §329, p. 199; 32 C. J. S., Evidence, §1040(a), p. 1104.

It should be noted that appellant did not testify that there were no signs and no barricades except the one here involved, but said only that he did not observe any.

From the evidence here, the trial court could properly have reached only the conclusion that if the signs and barricades were placed as stated by the witness-Dunn, and seen by the deputy sheriff on his way to the accident, that appellant should have seen them if he had looked or had been using reasonable care under the circumstances, and if he had been driving at a speed that was reasonable and prudent under the conditions, with regard for the hazards which existed because of the repair work then in progress on the highway where he was traveling.

Generally, "it is negligence to fail to see or hear that which you could see or hear, by the exercise of ordinary and reasonable care, and for that reason the law attaches the same legal consequences for not seeing or hearing as it does if in fact you did see and hear." *Pfisterer* v. *Key, supra* (1941), 218 Ind. 521, 529, 530, 33 N. E. 2d 330. See

also: *The Bellefontaine Railway Company* v. *Hunter, Administrator* (1870), 33 Ind. 335, 360, 5 Am. Rep. 201.

In our judgment reasonable men would not differ as to two facts which are established by the above testimony:

(1) Plaintiff-appellant saw an obstruction—a blockade of the road at the point where he stopped at the filling station for gasoline, and he is charged with having seen the caution signs which he could have seen, and the three or more barricades which he, of necessity, had to avoid to reach the one at the point of the accident.

(2) He approached the barricade at the point of the accident at a speed of from 50-55 miles per hour until he suddenly saw the barricade involved in the accident.

The trial court could properly have concluded that if there were three or more barricades in the south lane of traffic, between the filling station and the point of the accident, appellant was, of necessity forced to drive around them, as they were in his lane of traffic, and, having driven around the three or more barricades, he must have seen them, and they would have furnished notice to him that the road was under construction and hazardous. *Acton* v. *Lowery* (1941), 109 Ind. App. 581, 586, 34 N. E. 2d 972; *Billman* v. *Kroger Co.* (1950), 7 Cir., 185 F. 2d 120, 122. In our judgment this was sufficient warning to require appellant to drive at "an appropriate reduced speed" with respect to the condition of the highway.

If appellant's own statement, that he did not observe the signs and barricades which the undisputed

. . . evidence shows existed, is accepted as true, then his failure to see the signs, which he could have seen by the exercise of reasonable care, and to observe the barricades, which he, of necessity, must have seen as he drove east to the point of the accident, in itself, constituted negligence.

The operator of a motor vehicle on a public highway which is under construction or repair cannot assume that there are no obstructions or defects ahead, and in such instances it is his duty "to keep his car under such control that it can be stopped within the distance within which a proper barrier ahead can be seen." *Chesson* v. *Teer Co.* (1952), 236 N. C. 203, 207, 72 S. E. 2d 407; *Billman* v. *Kroger Co., supra* (1950), 7 Cir., 185 F. 2d 120, 123.

In our judgment appellant's failure to drive at a speed which was reasonable and prudent under the conditions and circumstances, and his failure to reduce his speed and keep his automobile under control so he could have stopped within the distance within which he could have seen the barricade, after he had been warned by the barricades which he had already passed, also constituted negligence.

The evidence here compels the conclusion that the injury to appellant might have been avoided if he had used ordinary care under the circumstances, and had driven at a speed reasonable and prudent under the conditions as they existed at the time of the injury, and his failure so to do must be considered as negligence which contributed proximately to his injury, and he was, therefore, guilty of contributory negligence as a matter of law.

The language of the Seventh Circuit Court of Appeals in *Billman* v. *Kroger Co., supra,* at pages

122-123 of 185 F. 2d, is applicable to the factual situation here, and is as follows:

"Applying Indiana statute and case law to the facts disclosed by plaintiff's own testimony, we are convinced that he had ample warning from the flares that there was some special hazard ahead, some object which would not ordinarily be there, and that, being thus put on notice of such hazard, it became his duty to proceed at such a reduced speed as would enable him to stop if necessary when he reached the first flare and ascertain what the danger was and whether or not he could proceed with safety."

Plaintiff-appellant's own negligence barred his recovery in this case, and under these circumstances it was the duty of the trial court to direct a verdict for the defendant-appellee. *Day* v. *Cleveland, Columbus, Cincinnati and St. Louis Railway Co., supra* (1894), 137 Ind. 206, 210, 36 N. E. 854; *Billman* v. *Kroger Co., supra* (1950), 7 Cir., 185 F. 2d 120, 123; *Faris* v. *Hoberg, et al.* (1893), 134 Ind. 269, 273, 33 N. E. 1028, 39 Am. St. Rep. 261.

Judgment affirmed.

Achor, C. J., and Arterburn, J., concur.

Jackson and Landis, JJ., concur in result.

NOTE.—Reported in 181 N. E. 2d 862.